UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br>v.<br><br>ANGELINA RUTH BUSTAMONTE,<br><br>　　　Defendant. | Case No. 1:19-cr-00172-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Angelina Bustamonte's Motion to Reduce Sentence. Dkt. 112. For the reasons set forth below, the Motion is DENIED.

## II. BACKGROUND

On October 15, 2020, a federal grand jury filed a Superseding Indictment against Bustamonte, alleging a variety of drug-related crimes. Dkt. 44. Bustamonte eventually pled guilty to Count One of the Superseding Indictment (Dkt. 75), and the Court sentenced her to 125 months of incarceration with five years of supervised release to follow (Dkt. 91). Bustamonte is currently incarcerated at the federal correctional institution in Tallahassee, Florida ("FCI Tallahassee") and has an anticipated release date of July 5, 2028.

On May 5, 2025, Bustamonte filed a document with the Court entitled "Motion for Reconsideration 18 U.S.C. 3741(e) Post-Sentencing Rehabilitation Programming." Dkt. 112. Section 3741(e) does not exist. 18 U.S.C. § 3742(e)—which is also cited—discusses the review of a criminal sentence by *an appellate court.* Another section referenced in Bustamonte's filing is 18 U.S.C. § 3624 which outlines how credit for time served is

MEMORANDUM DECISION AND ORDER - 1

calculated. Finally, 18 U.S.C. § 3582 is mentioned in passing. This code section references the First Step Act—commonly referred to as "compassionate release"—and appears most applicable here.

Bustamonte's Motion focuses on the rehabilitative efforts she has made in prison, the classes she has taken, and the programming she has received. *See generally* Dkt. 112. She believes these efforts weigh in favor of an early release. Thus, while the Motion and citations therein are not entirely accurate, the Court will construe Bustamonte's filing as a motion for compassionate release based upon her rehabilitative efforts.

### III. LEGAL STANDARD

As construed by the Court, Bustamonte seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[1] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v.*

---

[1] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")).

MEMORANDUM DECISION AND ORDER - 2

*Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See, e.g., United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v.*

*Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of her recent filing, Bustamonte makes no mention of petitioning the Warden at FCI Tallahassee for release. This is a procedural bar to her current claim and warrants dismissal. However, even assuming Bustamonte had properly exhausted her administrative remedies, the Court cannot grant her request.

### B. Extraordinary and Compelling Reasons

Bustamonte contends her rehabilitation efforts while in prison are extraordinary and compelling. As part of her current motion, Bustamonte included numerous certificates of achievement indicating she has completed courses in Spanish, business, family, faith, drug abuse, and more. Dkt. 112-1, at 1–10.

MEMORANDUM DECISION AND ORDER - 4

While commendable, these efforts cannot justify compassionate release. The Sentencing Commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13 cmt. n.3 (citing 28 U.S.C. § 994(t)). While courts have occasionally granted early release based upon a successful showing of rehabilitation when combined with other factors, the evidence of rehabilitation itself must rise to the level of "extraordinary and compelling."[2]

Bustamonte has not submitted that type of compelling evidence here. To be sure, the Court appreciates and applauds Bustamonte's efforts and encourages her to continue improving and preparing for life after incarceration. But rehabilitation, standing alone, does not warrant relief. For this reason, Bustamonte has not met her burden.

## C. Applicable Policy Statements.

Finally, the Court addresses whether granting Bustamonte's request for compassionate release would be consistent with applicable policy statements issued by the U.S. Sentencing Commission, as contained in 18 U.S.C. § 3553(a).

Bustamonte has an extensive criminal history. *See* Dkt. 84, at 8–11. Additionally, the instant offense carried a mandatory minimum sentence of ten years because of its severity. Bustamonte was held accountable for possessing over 1,300 grams of

---

[2] For example, in *United States v. Rodriguez*, that court found the evidence submitted in support of the defendant's rehabilitation efforts was "nothing short of remarkable." 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). The defendant submitted a collection of letters from friends, family, fellow inmates, and, most importantly, from 27-prison staff members attesting to his exemplary work ethic, kindness, and overall attitude that had remained consistent over the course of a 20-year sentence. The court there felt the overwhelming evidence the defendant provided regarding his rehabilitation, *combined with* the defendant's health risks and COVID-19 conditions, were compelling enough to grant early release. *Id.*

MEMORANDUM DECISION AND ORDER - 5

methamphetamine. She was also caught in possession of a firearm at the time of the offense.

Again, the Court appreciates that Bustamonte appears to have made efforts to turn her life around and not engage in this type of behavior in the future. But the seriousness of her crime lends support to the idea that the public is best protected by her continued incarceration at this time.

## V. CONCLUSION

Bustamonte did not exhaust her administrative remedies as required. This alone warrants dismissal. Furthermore, rehabilitation—while laudable—does not qualify as extraordinary and compelling to a degree justifying early release. Finally, a reduction in sentence at this stage would not be consistent with the goals of 18 U.S.C. § 3553(a).

Weighing all relevant factors, the Court will not depart from its prior sentence and release Bustamonte at this time. The Motion is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1.  Bustamonte's Motion for Compassionate Release (Dkt. 112) is DENIED.

DATED: July 1, 2025



David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6